IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RICKEY PHILLIPS | : | NO. 09-202-03 |

DuBOIS, J.                                                                                                        SEPTEMBER 24, 2009

**M E M O R A N D U M**

I.   **INTRODUCTION**

Presently before the Court is Defendant's Motion for Severance Pursuant to Rule 14 of the Federal Rules of Criminal Procedure. For the reasons set forth below, Defendant's Motion for Severance is denied.

II.  **BACKGROUND**

Defendant, Rickey Phillips, is charged in three counts of a five-count Indictment with: (1) conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (Count One); (2) interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (Count Two); and (3) carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Three). These three counts all relate to an incident which took place on December 3, 2008. Also charged in the first three counts of the same five-count Indictment are defendants Shawn Davis and Cheron Humphrey. Davis and Humphrey are charged in Counts Four and Five with two additional crimes – attempted carjacking, in violation of 18 U.S.C. § 2119 (Count Four), and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Five) – relating to a separate incident which took place on November 28, 2008. Phillips is not charged in

either Count Four or Count Five of the Indictment..

Phillips filed a motion for severance in which he seeks a severance of his trial from that of his co-defendants pursuant to Federal Rule of Criminal Procedure 14.[1]  He argues that his trial should be severed from that of his co-defendants because of the prejudice he will suffer if forced to defend himself in a joint trial.  In support of his argument, Phillips claims that "because of the nature and amount of evidence to be presented at trial, only a small portion of evidence would pertain [to him]."  (Def.'s Mot. for Severance at 2).  He notes, erroneously, that he is charged in only two of six counts contained in the Indictment, Counts Five and Six.[2]  (Def.'s Mot. at 2).  Phillips concludes, "[a]s a result, it is unlikely that the jury will be able to make a reliable judgment about the guilt or innocence of this defendant."  (Def.'s Mot. at 2).  Phillips's motion offers no further details concerning the specific issues a prospective jury might face were his motion for severance denied.

### III.   DISCUSSION

As the Supreme Court has noted, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993).  Notwithstanding that preference, a severance may be warranted, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, in cases where there is a serious risk of prejudice to a particular defendant because of the joinder. *Id.* at 539.  The defendant bears the burden of showing prejudice arising from joinder.  *United States v. Eufrasio*,

---

[1] Rule 14 provides, in relevant part: "If the joinder of offenses or defendants in an indictment... appears to prejudice a defendant... the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

[2] Phillips is, in fact, charged in Counts One, Two and Three of a five-count Indictment.

935 F.2d 553, 568 (3d Cir. 1991). Specifically, before relief may be granted under Rule 14, the defendant must show "clear and substantial prejudice." *United States v. Gorecki*, 813 F.2d 40, 43 (3d Cir. 1987). Ultimately, the decision to grant or deny a motion for severance under Rule 14 rests in the sound discretion of the trial court. *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981).

In this case, the analysis under Rule 14 must focus on "whether the evidence is such that the jury cannot be expected to 'compartmentalize' it and then consider it for its proper purposes." *United States v. Dansker*, 537 F.2d 40, 62 (3d Cir. 1976). "[D]efendants are not entitled to severance merely because the evidence may be more damaging against a co-defendant and there is the danger of spillover." *United States v. DiPasquale*, 561 F. Supp. 1338, 1347 (E.D. Pa. 1983), aff'd, 740 F.2d 1282 (3d Cir. 1984).

Phillips has not demonstrated any prejudice, much less the clear and substantial prejudice required for severance pursuant to Rule 14. The defendant has provided no basis to believe that a jury would be unable to compartmentalize the evidence in this case, and to consider the evidence against each defendant separately. Instead, Phillips relies on the conclusory allegation that the presentation of additional evidence against his co-defendants on two unrelated counts will affect the jury's ability to make a reliable judgement as to his guilt or innocence. As the Third Circuit observed in *Eufrasio*, "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant." 935 F.2d at 568. In this case, the first three counts of the Indictment, in which Phillips is charged along with his co-defendants, and the last two counts of the Indictment, in which only the co-defendants are charged, relate to separate incidents on two different dates. The acts described in Count Four and Count Five are

clearly delineated, and involve only Davis and Humphrey. Therefore, the Court finds that the role, if any, of each defendant in the crimes charged may be isolated without difficulty by the jury at trial.

To the extent that Phillips is concerned about guilt by association with his co-defendants, that concern does not warrant severance. Absent extraordinary circumstances not present in this case, the possibility of guilt by association does not provide grounds for severance. *See United States v. Boyd*, 595 F.2d 120, 125 (3d Cir. 1978); *DiPasquale*, 561 F. Supp. at 1348.

### IV.    CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Severance is denied.